### STROM v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. June 22, 1916.)

1. DAMAGES ⬤188(3)—INJURIES TO PERSONALTY—REPAIRS.

　　In an action for damages to an automobile in collision with a street car, damages were not properly proven by plaintiff's introducing in evi-

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dence a repair bill for $90.57, but failing to show that the repairs were made necessary by the accident, or were reasonable or proper.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. ⊕⇒188(3).]

2. DAMAGES ⊕⇒139—EXCESSIVE VERDICT.

In an action for damages to an automobile, verdict for plaintiff for $175 was excessive, under a charge that plaintiff said he had spent $90 for repairs, and that the jury could award such sum as would compensate him for the earnings lost while his car was incapacitated, that plaintiff testified his car was incapacitated for 9 days and his earnings were $5 a day, net, but that the jury could find a verdict in such an amount as they deemed reasonable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 400–403; Dec. Dig. ⊕⇒139.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Otto Strom against the New York Railways Company. From a judgment for plaintiff, defendant appeals. Judgment reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN and WHITAKER, JJ.

James L. Quackenbush, of New York City (B. F. Record, of New York City, of counsel), for appellant.

Joseph Nemerov, of New York City, for respondent.

LEHMAN, J. The plaintiff sued for damages for injuries to his automobile, caused by a collision with a car operated by the defendant, and the jury has rendered a verdict in his favor for the sum of $175. The evidence of absence of contributory negligence on the part of the plaintiff is very slight, yet I should hesitate to set aside the verdict on this ground, if damages had been properly proven, and if the amount of the verdict were in accordance with the evidence.

[1, 2] The damages which the plaintiff attempted to show were, first, cost of repairs to the car; second, loss of earnings while the car was not in commission. To prove these damages the plaintiff introduced in evidence a bill for $90.57 repairs, but failed to show that the repairs were made necessary by the accident, or were reasonable or proper. He also gave some rather vague testimony that his loss of earnings from the car amounted to the sum of $5 a day for nine days. The trial justice upon this evidence charged:

"The plaintiff says that he spent $90 to get his car repaired, and you also have a right to award him such a sum as will compensate him for the earnings which he lost during the time that his car was incapacitated. He testified that his car was incapacitated for nine days and that his earnings were $5 a day net. However you can find a verdict in such an amount as you deem reasonable."

Under this charge the jury could certainly not give any damages beyond $135, but apparently the jury assumed that it was not limited in awarding damages to the amount of damages proven.

The judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

WHITAKER, J., concurs.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes